### HOHL v. NORDDEUTSCHER LLOYD.

(District Court, S. D. New York. April 21, 1909.)

SHIPPING (§ 140*)—CARRIAGE OF GOODS—LOSS—LIMITING LIABILITY.

Provision in bill of lading that carrier shall not be liable for more than $100 unless a greater value is expressed. *Held*, that the case was not distinguishable from the U. .S. Lace Curtain Mills v. Oceanic S. Nav. Co. (D. C.) 145 Fed. 701, and the libellant is entitled to recover the value of the lost case without regard to limitation of liability to $100, as provided by the bill of lading.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 495; Dec. Dig. § 140.*

Limitation of shipowner's liability, see note to The Longfellow, 45 C. C. A. 387.]

(Syllabus by the Judge.)

Kneeland & Harison, for libellant.
Choate & Larocque, for respondent.

ADAMS, District Judge. This action was brought by Sebald M. Hohl to recover the value of a case of hosiery shipped at Bremen on the 15th of July, 1907, on the respondent's steamer Kaiser Wilhelm der Grosse, for delivery to Goldman, Sachs & Co. in New York. A bill of lading was duly issued by the respondent and assigned to the libellant. This bill of lading was for ten cases of hosiery and provided, among other things:

"Not accountable for any Sum exceeding $100, per package, for goods of whatever description, nor for any amount in respect of Gold, Silver, Bullion, Specie, Jewellery, precious Stones or Metals, Paintings, Statuary, or any other valuable Goods of whatever description, unless the value of such be herein expressed and freight as may be agreed paid thereon."

The steamer duly arrived and delivered nine cases of the ten. The alleged value of the missing case was $768.75, and it is to recover the difference between this sum and $100, which the respondent was willing to pay, that the action is pressed.

The question to be determined is purely one of law and the contentions of each side have been ably presented. The libellant urges that the determination of this court in United States Lace C. M. v. Oceanic Steam Navigation Co. (D. C.) 145 Fed. 701, is conclusive of this case, while the respondent argues that that case is not sound and, in any event, is distinguishable from the one now presented. It is to be regretted that the case has not been presented on appeal, as the question is an important one and should receive the consideration of the higher courts. In the absence, however, of a decision there on the question

involved, the case must stand as the law of this court, and it remains to be ascertained whether the one now presented can be distinguished from it.

It is urged by the respondent that the case is different from the one cited in several respects:

(1) In the cited case, the bill of lading was prepared by the carrier, while in the one at bar it was prepared by the libellant's agents, as appears from the fact that the name of "Louis Delius & Co. Forwarders and Bankers" is printed in large capital letters in the upper left hand margin and again the second line of the instrument, and the name of Goldman, Sachs & Co., who are bankers in this city, is printed in the body of the contract as the consignees, showing a well established and uniform course of business on the part of the libellant's shipping agents. It is said that this in itself would be sufficient to establish the fact that this was not an isolated shipment, where the shipper, unfamiliar with the usual course and practice, receives a bill of lading as a mere receipt, being entirely unfamiliar with the terms, but further than that the testimony shows that this was the libellant's own form of bill of lading and that in a business in which the libellant imported from five to twenty cases a week through Delius & Co. under this form.

This does not tend materially to support the respondent's contention. The fact that the libellant's agents printed their name upon the bill of lading does show that they were not imposed upon by a contract with which they were unfamiliar, but it does not change the features of the agreement so far as they apply here. It is not important that it should appear that the respondent dictated the language employed. It was adopted by both parties and expressed their agreement.

(2) It is also urged that in the cited case no evidence was introduced to show that any higher rate would have been charged had the actual value of the goods been disclosed, while here the freight for the transportation of ten cases of hosiery, the cases being all about the same size, was $27.33; that the amount of damages demanded for the loss of one case is $768.75, so that the value of the whole shipment was $7,687, and the freight for the lost case was only $2.73, an extremely low rate for the labor of transportation alone, exclusive of the risk of insurance; also it affirmatively appears that where a value is declared which is in excess of $100 it is the uniform custom of the respondent to charge additional freight for full insurance and this would have been done in this case had the true value been disclosed.

This is seemingly more of an argument on the merits of the cited case than an attempt to distinguish this case from it, except the latter part, and it has not been made at all clear by the testimony that there would have been any additional charge. The respondent's agent in New York, who was especially familiar with eastbound freights, said that cargo was placed in special places if the value was declared in the bill of lading, but the company does nothing to notify shippers to declare additional values.

(3) It is also urged that in the cited case it did not appear that any special care was taken by the carrier of the valuable packages, while in the case at bar the contrary is true.

The testimony with respect to care is too vague and uncertain to give much force to this argument.

It is said the libellant, by representing that the respondent would not be held accountable for more than $100 for the loss of a package, misled the respondent into the belief that the package was of small value, and the respondent was thereby prevented from taking proper measures to protect the package and to bestow upon it care commensurate with its actual value.

This seems to be more of an argument on the merits of the general contention than one tending to distinguish the cases.

It is also said that the facts mentioned distinguish this case and bring it within the language of the Supreme Court in the Hart Case. The language there is favorable to the respondent in some respects but that case was based upon a different state of facts. An agreed and signed valuation was a feature there which does not appear here.

It does not seem that the case under consideration can be distinguished from the cited case, and that rests upon the statement made there and the authorities cited.

There will be a decree for the libellant, with an order of reference.